1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA ESTRADA, | Case No. 1:16-cv-00497-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 8) |
| Defendant. | |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.

## BACKGROUND

On April 8, 2016, Plaintiff Sylvia Estrada ("Plaintiff"), proceeding pro se, filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits pursuant to the Social Security Act. (ECF No. 1.) Plaintiff was ordered to file an application to proceed in forma pauperis or pay the filing fee within thirty days of April 11, 2016. (ECF No. 2.) On May 2, 2016, Plaintiff filed an application to proceed in forma pauperis in this action. (ECF No. 3.)

On May 4, 2016, Plaintiff's application to proceed in forma pauperis in this action was granted, and summonses and the scheduling order were issued in this action. (ECF Nos. 4, 5, 6.) The scheduling order informed Plaintiff that, except when other provision was made pursuant to an application to proceed in forma pauperis, the summons and complaint should be served within

1

1   twenty days and Plaintiff was required to file a return of service with this court.  (ECF No. 6 at ¶

2   1.)  This order informed Plaintiff that violations of the order may result in sanctions pursuant to

3   Local Rule 110.  (Id. at ¶ 15.)  Plaintiff was also provided with instructions to have the United

4   States Marshal serve the complaint.  (ECF No. 6-3.)

5        Additionally, on this same date, the Court issued an informational order for pro se

6   litigants.  (ECF No. 7.)  The informational order set forth the specific requirements to serve this

7   action on the Commissioner of Social Security.  (Id. at pp. 1-3.)   This order also informed

8   Plaintiff that failure to comply with the order would be grounds for dismissal or other

9   appropriate sanctions.  (Id. at p. 7.)

10        On June 7, 2016, after Plaintiff did not request the Marshal to serve the complaint nor did

11   she file a notice of service, the Court issued an order requiring Plaintiff to show cause why this

12   action should not be dismissed for failure to prosecute.  (ECF No. 8.)  The order required

13   Plaintiff to show cause in writing by June 24, 2016 why this action should not be dismissed.  (Id.

14   at 2.)  Plaintiff was advised that failure to respond to the order to show cause would result in the

15   dismissal of this action.  (Id.)  Plaintiff did not file a response to the order to show cause or

16   otherwise respond to the June 7, 2016 order of the Court.

17   **II.**

18   **LEGAL STANDARD**

19        Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

20   Rules or with any order of the Court may be grounds for imposition by the Court of any and all

21   sanctions . . . within the inherent power of the Court."  The Court has the inherent power to

22   control its docket and may, in the exercise of that power, impose sanctions where appropriate,

23   including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.

24   2000).

25        A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

26   action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

27   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik

28   v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an

1  order to file an amended complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

2  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised

3  of address); <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal

4  for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir.

5  1986) (dismissal for lack of prosecution and failure to comply with local rules).

6       In determining whether to dismiss an action for failure to comply with a pretrial order,

7  the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the

8  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

9  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

10  sanctions." <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226

11  (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in

12  deciding what to do, and are not conditions that must be met in order for a court to take action.

13  <u>Id.</u> (citation omitted).

**III.**

**DISCUSSION**

16       In this instance the public's interest in expeditious resolution of the litigation and the

17  Court's need to manage its docket weigh in favor of dismissal.  <u>In re Phenylpropanolamine</u>, 460

18  F.3d at 1226.  Plaintiff was ordered to serve the defendant and file a notice within twenty days or

19  forward documents to the Marshal for service.  Plaintiff does not appear to have complied with

20  the order nor has she responded to this Court's order to show cause.  Plaintiff's failure to comply

21  with the orders of the Court hinders the Court's ability to move this action towards disposition,

22  and indicates that Plaintiff does not intend to diligently litigate this action.

23       Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

24  rebuttable presumption of prejudice to the defendant in this action.  <u>In re Eisen</u>, 31 F.3d 1447,

25  1452-53 (9th Cir. 1994).  This risk of prejudice may be rebutted if Plaintiff offers an excuse for

26  the delay.  <u>In re Eisen</u>, 31 F.3d at 1453.  Plaintiff has not provided any reason for the delay in

27  complying with the Court's orders, therefore the risk of prejudice to the defendant also weighs in

28  favor of dismissal.

1    The public policy in favor of deciding cases on their merits is greatly outweighed by the

2    factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward and the

3    action can proceed no further without Plaintiff's cooperation and compliance with the orders at

4    issue.  This action cannot simply remain idle on the Court's docket, unprosecuted.  In this

5    instance, the fourth factor does not outweigh Plaintiff's failure to comply with or respond to the

6    Court's orders.

7    Finally, a court's warning to a party that the failure to obey the court's order will result in

8    dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

9    Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  Plaintiff was informed in both the

10   scheduling order and the informational order that failure to comply could result in the issuance of

11   sanctions.  (ECF No. 6 at ¶ 15; ECF No. 7 at p. 7.)  The Court's June 7, 2016 order requiring

12   Plaintiff to respond to the order to show cause stated: "Plaintiff is forewarned that failure to

13   respond to this order to show cause will result in the dismissal of this action."  (ECF No. 8 at 2.)

14   Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with

15   the Court's order and her failure to serve the defendant in this action.

16                                                 IV.

17                        CONCLUSION AND RECOMMENDATION

18   Plaintiff has not complied with this Court's orders to serve the defendant in this action

19   nor has she responded to the June 7, 2016 order to show cause.

20   Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without

21   prejudice for Plaintiff's failure to comply with orders of this court and failure to prosecute.

22   These findings and recommendations are submitted to the district judge assigned to this

23   action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30)

24   days of service of this recommendation, Plaintiff may file written objections to these findings

25   and recommendations with the Court.  Such a document should be captioned "Objections to

26   Magistrate Judge's Findings and Recommendations."  The district judge will review the

27   magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

28   Plaintiff is advised that failure to file objections within the specified time may result in the

waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 29, 2016**

UNITED STATES MAGISTRATE JUDGE